UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )
                                   )          Case No. 3:22cr78/MCR
                                   )
vs.                                )          Pensacola, Florida
                                   )          January 26, 2023
                                   )          9:58 a.m.
                                   )
DONALD MARK BELL,                  )
                                   )
          Defendant.               )
_____    )


TRANSCRIPT OF **CHANGE OF PLEA** PROCEEDINGS
BEFORE THE HONORABLE ZACHARY C. BOLITHO
UNITED STATES MAGISTRATE JUDGE
(Pages 1-25)


FOR THE GOVERNMENT:          Jason R. Coody
                             Acting United States Attorney
                             By: **AMANDA GORDON**
                                 Assistant U.S. Attorney
                                 _amanda.gordon@usdoj.gov_
                             21 East Garden Street, Suite 400
                             Pensacola, Florida  32502


FOR THE DEFENDANT:           Joseph F. DeBelder
                             Federal Public Defender
                             by: **VIRGINIA M. BARE**
                                 Assistant Public Defender
                                 _ginnie_bare.org_
                             3 West Garden Street, Suite 200
                             Pensacola, Florida  32502

*Donna L. Boland, RPR, FCRR*
*United States Court Reporter*
*1 N Palafox Street * Pensacola, Florida  32502*
**Donna_Boland@flnd.uscourts.gov**

1    P R O C E E D I N G S

2    *(Court called to order; Defendant present with counsel.)*

09:55:35    3    **THE COURT:**  Good morning, everyone.  We are now on the

09:58:58    4    record in United States vs. Donald Mark Bell, 3:22cr78.

09:59:06    5    Counsel, would you please make your appearances.

09:59:11    6    **MS. GORDON:**  Good morning, Your Honor.  Amanda Gordon

09:59:13    7    on behalf of the United States.

09:59:14    8    **THE COURT:**  Good morning.

09:59:14    9    **MS. BARE:**  And Virginia Bare on behalf of Mr. Bell.

09:59:14    10    **THE COURT:**  Good morning.

09:59:15    11    Good morning, Mr. Bell.

09:59:15    12    **THE DEFENDANT:**  Good morning, sir.

09:59:16    13    **THE COURT:**  As you probably recall from our earlier

09:59:19    14    proceeding, my name is Zach Bolitho.  I'm a United States

09:59:23    15    Magistrate Judge who will be conducting the proceeding here

09:59:26    16    this morning.

09:59:27    17    It is my understanding, Ms. Bare, that your client is

09:59:29    18    prepared to enter a plea of guilty the one-count indictment.

09:59:38    19    Is that correct?

09:59:39    20    **MS. BARE:**  Yes, Your Honor.

09:59:39    21    **THE COURT:**  Thank you.

09:59:40    22    Mr. Bell, there are a series of questions that I need

09:59:40    23    to ask you throughout this proceeding, and those questions need

09:59:44    24    to be answered under oath.  So, at this time, I'm going to have

09:59:46    25    the courtroom deputy clerk swear you in.

09:59:56  1          *(Defendant duly sworn.)*

09:59:56  2          **THE COURT:**  Mr. Bell, there are a series of documents

09:59:58  3     that I will go over with you during the course of this

10:00:01  4     proceeding.  The first document that I want to discuss with you

10:00:04  5     is a document entitled Consent to Rule 11 Guilty Plea Before a

10:00:09  6     United States Magistrate Judge.

10:00:10  7          Mr. Bell, did you have an opportunity to review that

10:00:12  8     document before you signed it?

10:00:14  9          **THE DEFENDANT:**  Yes, sir.

10:00:14  10          **THE COURT:**  Did you have an opportunity to discuss it

10:00:16  11     with your lawyer before you signed it?

10:00:18  12          **THE DEFENDANT:**  Yes, sir.

10:00:19  13          **THE COURT:**  And, Mr. Bell, do you understand that what

10:00:21  14     that document says is that you are agreeing to allow me, a U.S.

10:00:25  15     magistrate judge, to conduct this proceeding instead of a

10:00:27  16     United States district judge?

10:00:29  17          **THE DEFENDANT:**  Yes, sir.

10:00:29  18          **THE COURT:**  The Court will accept that consent and

10:00:31  19     make it a part of the record in this case.

10:00:36  20          And, Mr. Bell, I should have advised you after you

10:00:40  21     were placed under oath that, because you are under oath, if you

10:00:43  22     answer any of my questions falsely, you could be separately

10:00:46  23     prosecuted for the crime perjury.  Do you understand that?

10:00:49  24          **THE DEFENDANT:**  Yes, sir.

10:00:49  25          **THE COURT:**  And, Mr. Bell, at any point here this

| | | |
|---|---|---|
| 10:00:52 | 1 | morning if you don't understand something I've asked you or you |
| 10:00:54 | 2 | would like to talk to your attorney before you answer any of my |
| 10:00:57 | 3 | questions, you just let me know, and I'll be happy to let you |
| 10:01:00 | 4 | speak with Ms. Bare. |
| 10:01:01 | 5 | **THE DEFENDANT:**  Yes, sir. |
| 10:01:01 | 6 | **THE COURT:**  Could you please state your full name. |
| 10:01:03 | 7 | **THE DEFENDANT:**  Donald Mark Bell. |
| 10:01:05 | 8 | **THE COURT:**  Mr. Bell, how old are you? |
| 10:01:07 | 9 | **THE DEFENDANT:**  61-and-a-half. |
| 10:01:08 | 10 | **THE COURT:**  And what is your date of birth? |
| 10:01:10 | 11 | **THE DEFENDANT:**  ███ ██████ ███.  Do you want me |
| 10:01:12 | 12 | standing, sir? |
| 10:01:14 | 13 | **THE COURT:**  No.  You're fine. |
| 10:01:16 | 14 | **MS. BARE:**  Your Honor, do you want us at the podium? |
| 10:01:18 | 15 | **THE COURT:**  He's fine. |
| 10:01:18 | 16 | Are you a United States citizen? |
| 10:01:20 | 17 | **THE DEFENDANT:**  Yes, sir. |
| 10:01:20 | 18 | **THE COURT:**  Can you read and write in the English |
| 10:01:22 | 19 | language? |
| 10:01:23 | 20 | **THE DEFENDANT:**  Yes, sir. |
| 10:01:23 | 21 | **THE COURT:**  And do you understand what is occurring |
| 10:01:25 | 22 | here this morning? |
| 10:01:26 | 23 | **THE DEFENDANT:**  Yes, sir. |
| 10:01:26 | 24 | **THE COURT:**  Are you currently employed? |
| 10:01:30 | 25 | **THE DEFENDANT:**  No, sir. |

10:01:30    1        **THE COURT:**  And when were you most recently employed?

10:01:34    2        **THE DEFENDANT:**  About ten years ago, sir.

10:01:35    3        **THE COURT:**  And what was the nature of that

10:01:36    4    employment?

10:01:37    5        **THE DEFENDANT:**  I was an O.R. distribution clerk for

10:01:41    6    the Veterans Administration.

10:01:43    7        **THE COURT:**  A what?  O.R.?

10:01:38    8        **THE DEFENDANT:**  O.R. distribution clerk for the

10:01:41    9    Veterans Administration.

10:01:46   10        **THE COURT:**  And have you ever been treated for any

10:01:47   11    mental illness, any psychological, psychiatric, or emotional

10:01:51   12    disorders?

10:01:52   13        **THE DEFENDANT:**  No, sir.

10:01:52   14        **THE COURT:**  Do you believe that you're currently

10:01:54   15    suffering from any mental illness, any psychological,

10:01:58   16    psychiatric, or emotional disorders?

10:02:00   17        **THE DEFENDANT:**  No, sir.

10:02:00   18        **THE COURT:**  Do you understand the importance of the

10:02:02   19    proceeding that is happening here this morning?

10:02:04   20        **THE DEFENDANT:**  Very much, yes, sir.

10:02:06   21        **THE COURT:**  Mr. Bell, have you ever been treated for

10:02:08   22    any drug or alcohol addiction issues?

10:02:10   23        **THE DEFENDANT:**  No, sir.

10:02:11   24        **THE COURT:**  Do you believe that you are currently

10:02:12   25    suffering from any drug or alcohol addiction issues?

10:02:16  1  **THE DEFENDANT:** No, sir.

10:02:16  2  **THE COURT:** Have you consumed any alcohol within the

10:02:19  3  last 24 hours?

10:02:20  4  **THE DEFENDANT:** No, sir.

10:02:20  5  **THE COURT:** Have you taken any drugs within the last

10:02:23  6  24 hours, including any prescription drugs?

10:02:26  7  **THE DEFENDANT:** Yes, sir, prescription medications.

10:02:28  8  **THE COURT:** And do any of those prescription

10:02:30  9  medications have side effects that interfere with your judgment

10:02:34  10  or your ability to understand your surroundings?

10:02:38  11  **THE DEFENDANT:** No, sir.

10:02:38  12  **THE COURT:** And are those medications that you've

10:02:40  13  taken prescription medications that you regularly take for

10:02:44  14  medical conditions?

10:02:46  15  **THE DEFENDANT:** Yes, sir.

10:02:46  16  **THE COURT:** Ms. Bare, do you have any reason to

10:02:48  17  believe that Mr. Bell is not competent to enter a plea of

10:02:51  18  guilty here this morning?

10:02:52  19  **MS. BARE:** No, Your Honor.

10:02:53  20  **THE COURT:** Thank you.

10:02:53  21  Mr. Bell, you have a number of Constitutional rights,

10:02:57  22  and I want to go over those Constitutional rights with you here

10:03:00  23  this morning to make sure you understand your rights and to

10:03:02  24  make sure that you understand the rights that you give up if

10:03:05  25  you were to go forward with your guilty plea here this morning.

10:03:09    1          Mr. Bell, you do not have to plead guilty.  You have

10:03:12    2    the right to a trial before a jury.  That jury would be

10:03:17    3    comprised of 12 members of the community.  In order to convict

10:03:20    4    you, the jury would have to be unanimous.

10:03:22    5          If this case went to trial, you would have no burden

10:03:27    6    of proof, the government would have the burden of proof, and

10:03:29    7    that burden would be proof beyond a reasonable doubt.  You

10:03:32    8    would be entitled to the presumption of innocence throughout

10:03:35    9    the trial.

10:03:36    10          Do you understand all of those rights?

10:03:37    11          **THE DEFENDANT:**  Yes, sir.

10:03:38    12          **THE COURT:**  If this case went to trial, Mr. Bell, you

10:03:41    13    would also have the right against self-incrimination.  What

10:03:44    14    that means is that no one could force you to make any

10:03:47    15    statements against yourself; no one could force you to testify

10:03:50    16    at trial; and if you refused to testify, your failure to

10:03:52    17    testify could not be held against you at trial.  You would,

10:03:56    18    however, have the right to testify, if you so desired, but that

10:03:59    19    choice would be entirely yours.

10:04:01    20          Do you understand that?

10:04:02    21          **THE DEFENDANT:**  Yes, sir.

10:04:02    22          **THE COURT:**  You also have the right to be represented

10:04:05    23    by counsel at trial.  You would have the right to have your

10:04:09    24    attorney use what's known as a subpoena to force individuals to

10:04:12    25    come into court and testify on your behalf.  Your attorney

10:04:15   1   would also have the ability to use a subpoena to obtain

10:04:18   2   information to be used on your behalf at trial.  At trial your

10:04:22   3   attorney would also have the ability to cross-examine the

10:04:25   4   government's witnesses that it calls against you.

10:04:27   5            Do you understand all of that?

10:04:29   6            **THE DEFENDANT:**  Yes, sir.

10:04:29   7            **THE COURT:**  Mr. Bell, if this case went to trial, you

10:04:35   8   would have the right to be present in open court during the

10:04:38   9   trial so that you could see and hear all of the evidence

10:04:40   10  presented by the government in its case against you.

10:04:43   11           Do you understand that?

10:04:43   12           **THE DEFENDANT:**  Yes, sir.

10:04:44   13           **THE COURT:**  Mr. Bell, do you understand all of those

10:04:46   14  Constitutional rights I've just discussed with you?

10:04:48   15           **THE DEFENDANT:**  I do, sir.

10:04:49   16           **THE COURT:**  Do you have any questions about those

10:04:51   17  Constitutional rights?

10:04:51   18           **THE DEFENDANT:**  No, sir.

10:04:52   19           **THE COURT:**  Mr. Bell, do you understand that, if you

10:04:53   20  go forward with your guilty plea here this morning, you would

10:04:57   21  be waiving or giving up all of those Constitutional rights

10:05:01   22  except for your right to be represented by an attorney.

10:05:04   23           **THE DEFENDANT:**  Yes, sir, I understand.

10:05:05   24           **THE COURT:**  Do you understand, Mr. Bell, that, if you

10:05:09   25  go forward with your guilty plea here this morning, that would

| | | |
|---|---|---|
| 10:05:12 | 1 | be a final decision and, except in very rare circumstances, you |
| 10:05:17 | 2 | would not be able to later withdraw your guilty plea? |
| 10:05:20 | 3 | **THE DEFENDANT:**  Yes, sir. |
| 10:05:21 | 4 | **THE COURT:**  And do you understand, Mr. Bell, that no |
| 10:05:24 | 5 | one in this courtroom here today knows what your sentence will |
| 10:05:27 | 6 | be in this case.  Your sentence will be determined by the U.S. |
| 10:05:33 | 7 | district judge after considering the information in the record, |
| 10:05:36 | 8 | the Presentence Investigation Report, the statutory factors, as |
| 10:05:38 | 9 | well as the arguments of counsel and any other information that |
| 10:05:42 | 10 | is presented at your sentencing hearing. |
| 10:05:44 | 11 | Do you understand that? |
| 10:05:45 | 12 | **THE DEFENDANT:**  Yes, sir. |
| 10:05:45 | 13 | **THE COURT:**  And what that means, Mr. Bell, is that no |
| 10:05:48 | 14 | one has made you any promises as to what your sentence will be |
| 10:05:54 | 15 | in this case. |
| 10:05:54 | 16 | Do you understand that? |
| 10:05:55 | 17 | **THE DEFENDANT:**  Yes, sir. |
| 10:05:55 | 18 | **THE COURT:**  And although Ms. Bare may have provided |
| 10:05:58 | 19 | you with estimates or predictions based upon her experience as |
| 10:06:01 | 20 | to what she believes might be the possible sentence in this |
| 10:06:05 | 21 | case, do you understand that those are just estimates and |
| 10:06:07 | 22 | predictions and not promises? |
| 10:06:09 | 23 | **THE DEFENDANT:**  I do, sir. |
| 10:06:09 | 24 | **THE COURT:**  And relatedly, Mr. Bell, do you understand |
| 10:06:13 | 25 | that you will not be able to move to withdraw your guilty plea |

| | | |
|---|---|---|
| 10:06:17 | 1 | if you are unhappy with the sentence that you ultimately |
| 10:06:20 | 2 | receive in this case? |
| 10:06:21 | 3 | **THE DEFENDANT:** I understand. |
| 10:06:22 | 4 | **THE COURT:** Mr. Bell, the offense to which you are |
| 10:06:26 | 5 | pleading guilty is a felony offense and, if your plea is |
| 10:06:29 | 6 | accepted, you will be adjudged guilty of a felony. And such an |
| 10:06:35 | 7 | adjudication may deprive you of certain valuable civil rights |
| 10:06:38 | 8 | such as the right to vote, the right to hold public office, the |
| 10:06:41 | 9 | right to serve on a jury, and the right to possess a firearm. |
| 10:06:44 | 10 | Do you understand all of that? |
| 10:06:45 | 11 | **THE DEFENDANT:** I do. |
| 10:06:45 | 12 | **THE COURT:** I now want to talk to you about the |
| 10:06:48 | 13 | charges that have been brought against you in this case. |
| 10:06:52 | 14 | Mr. Bell, you were charged by the grand jury in an |
| 10:06:54 | 15 | indictment that was returned on November 15th, 2022. |
| 10:07:00 | 16 | Have you received a copy of the indictment? |
| 10:07:03 | 17 | **THE DEFENDANT:** I have. |
| 10:07:03 | 18 | **THE COURT:** Have you had an opportunity to review the |
| 10:07:04 | 19 | indictment? |
| 10:07:05 | 20 | **THE DEFENDANT:** I have. |
| 10:07:05 | 21 | **THE COURT:** Have you had an opportunity to discuss the |
| 10:07:07 | 22 | indictment with your attorney? |
| 10:07:09 | 23 | **THE DEFENDANT:** I have. |
| 10:07:09 | 24 | **THE COURT:** Have you had an opportunity to ask your |
| 10:07:11 | 25 | attorney any questions that you had about the indictment? |

| 10:07:14 | 1 | **THE DEFENDANT:** Yes, sir. |

**THE DEFENDANT:** Yes, sir.

**THE COURT:** I'm not going to read the indictment to you word for word, but I do want to summarize it. The indictment charges in one count that, on or about March 28th, 2022, you knowingly, and with the intent to deceive and defraud, did falsely assume and pretend to be an officer or employee of the United States, in violation of Title 18, United States Code, § 912.

Mr. Bell, do you understand what it is that you've been charged with?

**THE DEFENDANT:** I do.

**THE COURT:** Ms. Gordon, it's my understanding that, in return for Mr. Bell's agreement to plead guilty, that the government has agreed not to bring any other charges relating to the same transaction or occurrences set forth in Count One.

Is that correct?

**MS. GORDON:** That's correct, Your Honor.

**THE COURT:** Is that your understanding as well, Ms. Bare?

**MS. BARE:** Yes, Your Honor.

**THE COURT:** Ms. Gordon, other than that provision, are there any other provisions of the Plea Agreement that you believe I need to address in open court with Mr. Bell?

**MS. GORDON:** No, Your Honor.

**THE COURT:** Ms. Bare, are there any other provisions

of the Plea Agreement that you believe I need to address in open court with Mr. Bell?

       **MS. BARE:**  No, Your Honor.

       **THE COURT:**  Thank you.

       Ms. Gordon, at this time, would you please advise the defendant of the maximum possible punishments and any applicable mandatory minimum terms of imprisonment?

       **MS. GORDON:**  Yes, Your Honor.  As to Count One, the defendant faces a maximum term of three years' imprisonment, one year of supervised release, a $250,000 fine, and a $100 special monetary assessment.

       **THE COURT:**  Thank you, Ms. Gordon.

       Ms. Bare, to the best of your knowledge, has Ms. Gordon accurately recited the maximum possible punishments in this case?

       **MS. BARE:**  Yes, Your Honor.

       **THE COURT:**  Mr. Bell, you heard Ms. Gordon use a term there, "supervised release."  I want to make sure that you understand what supervised release is.

       So, supervised release is something like probation, except for supervised release is imposed after a term of imprisonment.  So, if you were to be sentenced to a term of imprisonment, when you were released you would come out on supervised release, which means that you would be supervised by a U.S. probation officer, and you would have to comply with

10:09:17  1    certain terms and conditions of release.

10:09:19  2          And importantly, if you were to violate the terms and

10:09:22  3    conditions of your supervised release, you could possibly be

10:09:25  4    sent back to jail for an additional period of time.

10:09:27  5          Do you understand what supervised release is?

10:09:29  6          **THE DEFENDANT:**  Yes, sir.

10:09:30  7          **THE COURT:**  I also want to make sure you are aware,

10:09:33  8    Mr. Bell, that, if you were to be sentenced to a term of

10:09:36  9    imprisonment, you would not be released on parole because there

10:09:39  10   is no parole in the federal system.

10:09:41  11         Do you understand that?

10:09:41  12         **THE DEFENDANT:**  Yes, sir.

10:09:42  13         **THE COURT:**  Mr. Bell, because the offense to which you

10:09:45  14   are pleading guilty is a felony offense, the United States

10:09:49  15   Sentencing Guidelines apply in your case.  Under the United

10:09:52  16   States Sentencing Guidelines, a recommended range of punishment

10:09:55  17   will be determined based upon the facts and circumstances of

10:09:58  18   your case and the other information that will be in the record.

10:10:02  19         Have you spoken with your attorney about the U.S.

10:10:06  20   Sentencing Guidelines?

10:10:07  21         **THE DEFENDANT:**  Yes, Your Honor.

10:10:07  22         **THE COURT:**  And do you understand, Mr. Bell, that,

10:10:09  23   although the U.S. Sentencing Guidelines are something that the

10:10:12  24   district judge has to consider when imposing a sentence, they

10:10:16  25   are not binding and are instead advisory, which means that they

| | |
|---|---|
| 10:10:20 | 1 |
| 10:10:23 | 2 |
| 10:10:25 | 3 |
| 10:10:26 | 4 |
| 10:10:30 | 5 |
| 10:10:33 | 6 |
| 10:10:36 | 7 |
| 10:10:38 | 8 |
| 10:10:41 | 9 |
| 10:10:43 | 10 |
| 10:10:48 | 11 |
| 10:10:48 | 12 |
| 10:10:51 | 13 |
| 10:10:56 | 14 |
| 10:10:59 | 15 |
| 10:11:02 | 16 |
| 10:11:05 | 17 |
| 10:11:09 | 18 |
| 10:11:10 | 19 |
| 10:11:12 | 20 |
| 10:11:15 | 21 |
| 10:11:16 | 22 |
| 10:11:17 | 23 |
| 10:11:20 | 24 |
| 10:11:22 | 25 |

are just recommendations that the district judge must consider when determining the appropriate sentence?

**THE DEFENDANT:**  Yes, sir, I understand.

**THE COURT:**  If you proceeded to trial, Mr. Bell, in order to convict you, the government would have to prove certain elements.  The elements are the pieces of the government's case that must be proven beyond a reasonable doubt in order to convict you of the charged offense.

At this time I'm going to ask Ms. Gordon to please recite the elements of the offense charged in Count One of the indictment.

**MS. GORDON:**  Your Honor, a defendant can be found guilty of false impersonation of an officer of the United States:  First, the defendant pretended to be an officer or employee acting under the authority of the United States; second, the defendant acted as such; and third, the defendant did so knowingly with intent to deceive or defraud another.

**THE COURT:**  Thank you, Ms. Gordon.

Ms. Bare, to the best of your knowledge, has Ms. Gordon accurately recited the elements of the offense charged in Count One?

**MS. BARE:**  Yes, Your Honor.

**THE COURT:**  Mr. Bell, did you hear Ms. Gordon recite the elements of Count One of the indictment?

**THE DEFENDANT:**  Yes, Your Honor.

| | |
|---|---|
| 10:11:22 | 1 |

**THE COURT:**  Do you understand that those are the things that the government would have to prove if this case went to trial?

**THE DEFENDANT:**  Yes, Your Honor.

**THE COURT:**  And do you understand that, by pleading guilty, you are admitting that, if this case went to trial, the government could, in fact, prove those things?

**THE DEFENDANT:**  Yes, Your Honor.

**THE COURT:**  I now want to go through the remaining documents in this case, Mr. Bell, to make sure that you understand what all of these documents are.

The first document I want to discuss with you is a document entitled Plea Agreement.  It's a five-page document. It contains your signature, the signature of your attorney, and the signature of the Assistant United States Attorney.

Mr. Bell, did you have an opportunity to review the Plea Agreement before you signed it?

**THE DEFENDANT:**  Yes, Your Honor.

**THE COURT:**  Did you have an opportunity to discuss the Plea Agreement with your attorney before you signed it?

**THE DEFENDANT:**  Yes, Your Honor.

**THE COURT:**  Did you have an opportunity to ask your attorney any questions you had about the Plea Agreement before you signed it?

**THE DEFENDANT:**  Yes, Your Honor.

| | | |
|---|---|---|
| 10:12:11 | 1 | **THE COURT:**  At this time, Mr. Bell, do you have any |
| 10:12:14 | 2 | unanswered questions regarding the terms of your Plea |
| 10:12:17 | 3 | Agreement? |
| 10:12:18 | 4 | **THE DEFENDANT:**  No, Your Honor. |
| 10:12:18 | 5 | **THE COURT:**  Thank you.  The next document I want to go |
| 10:12:22 | 6 | over with you, Mr. Bell, is a document entitled Supplement to |
| 10:12:27 | 7 | Plea Agreement.  That document contains your signature, the |
| 10:12:29 | 8 | signature of your attorney, and the signature of the Assistant |
| 10:12:32 | 9 | United States Attorney. |
| 10:12:32 | 10 | Mr. Bell, did you have an opportunity to review that |
| 10:12:36 | 11 | document, Supplement to Plea Agreement, before you signed it? |
| 10:12:38 | 12 | **THE DEFENDANT:**  Yes, Your Honor. |
| 10:12:38 | 13 | **THE COURT:**  Did you have an opportunity to discuss it |
| 10:12:40 | 14 | with Ms. Bare? |
| 10:12:42 | 15 | **THE DEFENDANT:**  Yes, Your Honor. |
| 10:12:42 | 16 | **THE COURT:**  Did you have an opportunity to ask her any |
| 10:12:44 | 17 | questions you had about the document? |
| 10:12:46 | 18 | **THE DEFENDANT:**  Yes, Your Honor. |
| 10:12:47 | 19 | **THE COURT:**  At this time, Mr. Bell, do you have any |
| 10:12:50 | 20 | unanswered questions regarding the document, Supplement to Plea |
| 10:12:52 | 21 | Agreement? |
| 10:12:53 | 22 | **THE DEFENDANT:**  No, Your Honor. |
| 10:12:53 | 23 | **THE COURT:**  Thank you. |
| 10:12:54 | 24 | The next document that I have, Mr. Bell, is titled |
| 10:13:00 | 25 | Factual Basis For Guilty Plea.  That document is a four-page |

| | |
|---|---|
| 10:13:04 | 1 |

document. It contains your signature, the signature of your

attorney, and the signature of the Assistant United States

Attorney.

       Mr. Bell, did you have an opportunity to review the

document, Factual Basis For Guilty Plea, before you signed it?

       **THE DEFENDANT:** Yes, Your Honor.

       **THE COURT:** Did you have an opportunity discuss it

with your attorney before you signed it?

       **THE DEFENDANT:** Yes, Your Honor.

       **THE COURT:** Did you have an opportunity to ask your

attorney any questions you had about the document before you

signed it?

       **THE DEFENDANT:** Yes, Your Honor.

       **THE COURT:** And at this time, Mr. Bell, do you have

any unanswered questions regarding the document, Factual Basis

For Guilty Plea?

       **THE DEFENDANT:** No, Your Honor.

       **THE COURT:** Do you understand, Mr. Bell, that, by

signing that document, you are agreeing that the facts set

forth in the document are true and accurate?

       **THE DEFENDANT:** Yes, Your Honor.

       **THE COURT:** At this time, I'm going to ask Ms. Gordon

to please summarize the Factual Basis in Support of the Guilty

Plea for the record.

       **MS. GORDON:** Your Honor, on or about March 28th, 2022,

the defendant, Donald Bell, arrived at an Okaloosa County Sheriff's Office substation with a female and requested a civil stand-by regarding a residence in Crestview, Florida.  The deputy advised the defendant that they could not provide that service without a court order.  The defendant stated, "I will let you know up front I'm a federal marshal.  I am not on duty, though."

The defendant appeared to be wearing a badge around his neck.  When the deputy confirmed that she could not provide that service because it was civil in nature, the defendant stated, "In case you need paper, I have paper," and removed his wallet, flashed what appeared to be credentials, and offered to show it to the deputy.

The defendant told the deputy that there were a hundred guns and the resident was a drug addict and a convicted felon.  The defendant then asked if he had "your permission, instead of busting her myself, I can call you.  I don't want to do the paperwork."  The defendant stated, "I am DHS.  I'm a federal marshal but I'm designated DHS for four more days.  I'm retiring finally.  My intent is -- ATF is probably going to be doing a raid, supposed to last week.  DEA might be involved.  Going to give them a little extra evidence, I hope, plus I want to scare her into releasing the will that she won't release."

A short time later, deputies responded to a trespassing call at the residence in Crestview, Florida.  Upon

arriving, a deputy observed an SUV registered to the defendant backed into the driveway with flashing red and blue lights illuminated in the vehicle grill.  The deputy was greeted by the defendant in the driveway.  The defendant was wearing a silver badge with a star consistent with those worn by United States Marshals and introduced himself as Don Bell, deputy marshal.  There was also a K-9 sticker on the back of the defendant's SUV.

Deputies entered the residence and interviewed D.D., the sole resident of the home.  D.D. was married to the late C.D., who had passed away on February 18th, 2022.  D.D. and C.D. had lived together at the residence.  The other individuals present who had arrived with the defendant were the children or stepchildren of C.D.  The individuals stated they came to the residence to take an inventory of the property and they believed D.D. was hiding the will.

D.D. said that the group showed up at the door, the defendant was introduced as a friend and identified himself as a U.S. Marshal.  The defendant and the individuals entered the residence.

The United States Marshal Service has confirmed that they have no record of the defendant ever being employed by the United States Marshal Service.

**THE COURT:**  Thank you, Ms. Gordon.

Mr. Bell, did you hear Ms. Gordon say what the

government believes you did in this case?

        **THE DEFENDANT:**  Yes, Your Honor.

        **THE COURT:**  And do you agree that that is what you did in this case?

        **THE DEFENDANT:**  Yes, Your Honor.

        **THE COURT:**  Ms. Bare, do you believe that the facts as recited by the government and as set forth in the document Factual Basis For Guilty Plea are sufficient to constitute the offense charged in Count One of the indictment?

        **MS. BARE:**  Yes, Your Honor.

        **THE COURT:**  Thank you.

        Mr. Bell, you've been represented in this case by Ms. Bare.  Have you had an opportunity to discuss your case with Ms. Bare?

        **THE DEFENDANT:**  In detail, sir.

        **THE COURT:**  And have you had an opportunity to ask Ms. Bare any questions you had about your case?

        **THE DEFENDANT:**  Yes, sir.

        **THE COURT:**  And do you have any unanswered questions about your case that you would like to speak with Ms. Bare about at this time?

        **THE DEFENDANT:**  No, sir.

        **THE COURT:**  Are you satisfied with the representation that you've received from Ms. Bare up to this point?

        **THE DEFENDANT:**  Yes, sir.

10:17:08　　1　　　　　　　　**THE COURT:**　Mr. Bell, has anyone threatened,

10:17:11　　2　　pressured, intimidated, or coerced you in an effort to get you

10:17:14　　3　　to plead guilty today?

10:17:15　　4　　　　　　　　**THE DEFENDANT:**　No, sir.

10:17:16　　5　　　　　　　　**THE COURT:**　Other than the promises set forth in the

10:17:19　　6　　written plea agreement, has anyone made any promises to you in

10:17:22　　7　　an effort to get you to plead guilty here today?

10:17:25　　8　　　　　　　　**THE DEFENDANT:**　No, sir.

10:17:25　　9　　　　　　　　**THE COURT:**　Mr. Bell, are you pleading guilty of your

10:17:28　　10　　own free will?

10:17:30　　11　　　　　　　　**THE DEFENDANT:**　Yes, sir.

10:17:30　　12　　　　　　　　**THE COURT:**　Are you pleading guilty because you are in

10:17:33　　13　　fact guilty of the offense charged in Count One of the

10:17:35　　14　　indictment?

10:17:36　　15　　　　　　　　**THE DEFENDANT:**　Yes, sir.

10:17:36　　16　　　　　　　　**THE COURT:**　The time has now come for you to enter

10:17:39　　17　　your plea, Mr. Bell.　How do you plead as to Count One of the

10:17:42　　18　　indictment?

10:17:43　　19　　　　　　　　**THE DEFENDANT:**　I plead guilty to Count One, sir.

10:17:45　　20　　　　　　　　**THE COURT:**　The Court will issue a written Report and

10:17:49　　21　　Recommendation recommending that the U.S. district judge accept

10:17:51　　22　　your guilty plea.　If either party wishes to object to that

10:17:55　　23　　Report and Recommendation, they'll need to do so within 24

10:17:58　　24　　hours.

10:17:58　　25　　　　　　　　The Court will also make the following findings for

10:18:00    1    the record:  The defendant is alert and aware; the defendant

10:18:04    2    understands the nature of the charge and the consequences of

10:18:08    3    pleading guilty; the defendant is aware of his Constitutional

10:18:11    4    rights and the rights that he gives up by pleading guilty; the

10:18:14    5    defendant is aware of the maximum possible punishments that he

10:18:18    6    faces upon conviction, he's also aware of the U.S. Sentencing

10:18:23    7    Guidelines and the role that they may play in his case; the

10:18:27    8    Court finds there is a factual basis in support of the guilty

10:18:29    9    plea; and finally, the Court finds that the defendant is

10:18:32    10    pleading guilty knowingly, intelligently, and voluntarily, and

10:18:36    11    upon the advice of counsel.

10:18:38    12    The next thing that will happen in your case,

10:18:42    13    Mr. Bell, is you will have a sentencing hearing.  Your

10:18:45    14    sentencing hearing is going to occur on May 16th, 2023, at

10:18:51    15    9:00 a.m.  That date again is May 16th, 2023, at 9:00 a.m., and

10:18:57    16    that proceeding will occur in front of U.S. District Court

10:19:01    17    Judge M. Casey Rodgers.

10:19:03    18    Mr. Bell, in preparation for your sentencing hearing,

10:19:05    19    the Court will order the U.S. Probation Office to prepare what

10:19:08    20    is known as a Presentence Investigation Report.  The

10:19:11    21    Presentence Investigation Report is a document that is designed

10:19:15    22    to assist the district judge in determining the appropriate

10:19:17    23    sentence in your case.

10:19:18    24    For lack of a better description, it's somewhat of a

10:19:22    25    biography of your life, and it also includes a description of

the offense to which you have pleaded guilty.

As part of the preparation of that report, the U.S. Probation Officer will have some questions for you. You have the right to have Ms. Bare present when the probation officer questions you.

Do you understand that about the PSR?

**THE DEFENDANT:** Yes, Your Honor.

**THE COURT:** Thank you.

Ms. Gordon, it's my understanding the defendant has been on release up to this point and that there have been no issues with his release. Does the government have any objection to the defendant remaining on release pending sentencing in this case?

**MS. GORDON:** No objection.

**THE COURT:** Mr. Bell, you've entered a guilty plea. And under the statute, things change a little bit once a guilty plea is entered, in that, in certain circumstances the statute may require that a defendant be taken into custody unless certain things are present. Your case is not one where the statute makes going into custody mandatory. Instead, the Court can allow you to remain on release if the Court finds by clear and convincing evidence that you don't pose a danger of fleeing or a danger to the community.

The Court has no information before it that would allow it to make a determination that you are a risk of flight

10:20:31 1 or a danger to the community.  You've been compliant with the

10:20:33 2 terms and conditions of your release up to this point, and so

10:20:36 3 I'll allow you to remain on release pending your sentencing

10:20:39 4 hearing in this case.  But, Mr. Bell, you need to make sure

10:20:42 5 that you continue to comply with your supervising probation

10:20:44 6 officer, do everything that you're asked between now and the

10:20:47 7 time of sentencing.

10:20:49 8 I would advise you that, if you were to fail to appear

10:20:52 9 for your sentencing hearing, that could be a separate criminal

10:20:55 10 offense.  Do you understand that?

10:20:57 11 **THE DEFENDANT:**  Yes, Your Honor.  I have a question of

10:20:58 12 you, though.  Is it the current probation officer or a new one?

10:21:01 13 **THE COURT:**  It will probably be the current probation

10:21:04 14 officer, but you can ask your current probation officer for

10:21:06 15 sure.  But normally it's not going to change between the time

10:21:10 16 of your initial release and the time of your sentencing

10:21:14 17 hearing; it will be the same supervising officer.  But you can

10:21:18 18 confirm that with your current officer.

10:21:20 19 Just make sure, Mr. Bell, you continue to do

10:21:22 20 everything that they tell you to do because I don't want to see

10:21:25 21 you again.  Because if I see you again, it means that you've

10:21:29 22 violated the terms and conditions of your release.  Okay?

10:21:31 23 **THE DEFENDANT:**  Yes, Your Honor.

10:21:31 24 **THE COURT:**  Ms. Gordon, any objections to the way this

10:21:31 25 proceeding was conducted or anything I've forgotten to do or

| | | |
|---|---|---|
| 10:21:38 | 1 | done incorrectly from your perspective? |
| 10:21:38 | 2 | **MS. GORDON:** No, Your Honor. |
| 10:21:39 | 3 | **THE COURT:** Ms. Bare, anything I've done incorrectly |
| 10:21:42 | 4 | or forgotten to do from your perspective or any objections to |
| 10:21:47 | 5 | the way this proceeding was conducted? |
| 10:21:48 | 6 | **MS. BARE:** No, Your Honor. |
| 10:21:49 | 7 | **THE COURT:** Thank you, Ms. Bare. |
| 10:21:51 | 8 | Mr. Bell, best of luck to you. |
| 10:21:53 | 9 | **THE DEFENDANT:** Thank you, Your Honor. |
| 10:21:53 | 10 | **THE COURT:** Court will stand in recess. |
| 10:52:30 | 11 | |
| | 12 | *(Proceedings concluded at 10:52 a.m.)* |
| | 13 | --------------------- |
| | 14 | *I certify that the foregoing is a correct transcript from the* |
| | 15 | *record of proceedings in the above-entitled matter. Any* |
| | | *redaction of personal data identifiers pursuant to the Judicial* |
| | 16 | *Conference Policy on Privacy are noted within the transcript.* |
| | 17 | |
| | 18 | *s/Donna L. Boland*          *6-16-2023* |
| 10:52:31 | | *Donna L. Boland, RPR, FCRR*          *Date* |
| | 19 | *Official Court Reporter* |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |